# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § | 1:11-CR-88(11) |
| ESTELL DOUGLAS HOBBS, JR. | | |

## REPORT AND RECOMMENDATION

On March 13, 2012, the Government filed for a preliminary order seeking forfeiture of the Defendant's interest in a 2003 Hummer, bearing VIN: 5GRGN23U73H146300 and Texas registration 64Z-SW6 in the name of Terry L. Hobbs. Doc. No. 333. The Hon. Marcia A. Crone entered a Preliminary Order of Forfeiture on March 15, 2012. Doc. No 345.

On April 12, 2012, Terry L. Hobbs, a third party claimant, filed a petition asserting an interest in the vehicle.[1] Doc. No. 381. An ancillary hearing was held on October 30, 2012 pursuant to Fed. R. Crim. Proc. 32.2(c). Despite proper notice, Terry L. Hobbs failed to appear. The undersigned's chambers administrator contacted Ms. Hobbs who verbally confirmed that she intended to "withdraw" her motion.

In light of this news, the undersigned invited the Government to briefly proffer evidence relating to the forfeiture. Robert Cash, special agent for the Drug Enforcement Agency, testified that DEA surveillance operations show that the vehicle was used by the Defendant Estell

---

[1] Title 21, United States Code, Section 853(n) recognizes certain third-party interests in assets that are subject to forfeiture. Specifically, Section 853(n)(6) requires a district court to amend its order of forfeiture if a petitioner can demonstrate either of the following: (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

Douglass Hobbs, Jr., in at least three separate drug trafficking operations in 2005, 2009, and 2011. Since the vehicle was used to commit or facilitate the commission of a violation under 21 U.S.C. § 846, it shall be forfeited. See 21 U.S.C. § 853(a). Third party claimant Terry Hobbs has not shown by a preponderance of the evidence any reason the Court shall amend the order of forfeiture. See 21 U.S.C. § 853(n)(6).

For these reasons, the undersigned recommends that Terry L. Hobbs's petition in interest be DENIED. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. See Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of December, 2012.

Zack Hawthorn
United States Magistrate Judge